# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JASON L. STUBBS,<br>Plaintiff, | Case No. 1:17-cv-790 |
| vs | Dlott, J.<br>Litkovitz, M.J. |
| PAUL BRYANT, *et al.*,<br>Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Warren Correctional Institution, has filed a prisoner civil rights complaint against defendants Paul Bryant and Ivon Scarville.[1] (Doc. 1).

On October 26, 2017, prior to filing the instant complaint, plaintiff filed a similar complaint in *Stubbs v. Bryant*, No. 1:17-cv-721 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Oct. 26, 2017). In both complaints, plaintiff alleges that during his intake interview he requested protective control from defendant Bryant, but that his request was denied. Plaintiff further alleges that he was attacked by inmate Scarville shortly after the interview, resulting in a broken jaw. In both complaints, plaintiff seeks relief in the form of monetary damages and a transfer.

On January 16, 2018, an Order and Report and Recommendation was issued in Case No. 1:17-cv-721, finding that plaintiff should be permitted to proceed with his Eighth Amendment claim against Bryant. *See Stubbs v. Bryant*, No. 1:17-cv-721 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Jan. 16, 2018) (Doc. 10). With respect to defendant Scarville, it was recommended that plaintiff's claims be dismissed on the ground that plaintiff failed to allege any facts showing that Scarville acted under color of state law.

---

[1] Tammy Kiss is also listed as a defendant on the electronic docket sheet for this case. However, it is unclear whether plaintiff intends to name Kiss as a defendant. Kiss is not included as a defendant on the portion of the complaint form where plaintiff has listed Bryant and Scarville. Plaintiff has submitted a single piece of paper with "Tammy Kiss (P.O.A.)" and a street address with his complaint. (*See* Doc. 1 at PageID 2).

As noted above, plaintiff's allegations against defendants in the instant complaint are the same as those contained in an earlier-filed complaint. The instant complaint should therefore be dismissed because it is duplicative of the prior complaint.[2] The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.*, No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such power should be exercised in this case. *Cf. id.*; *see also Ball v. Obama*, 1:13cv204, 2013 WL 2153967, at *2, *5 (S.D. Ohio May 16, 2013) (Barrett, J.; Litkovitz, M.J.) (dismissing duplicative complaint at screening stage); *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (holding that complaint containing allegations that "were fully addressed in . . . prior orders of dismissal" was duplicative and thus subject to dismissal at screening stage as frivolous and lacking "an arguable basis in law or in fact").

---

[2] It appears that plaintiff may have intended the instant complaint to be filed as an amended complaint in case number 1:17-cv-721. In the body of the complaint, plaintiff states "please disregard my last complaint, for I don't believe I properly completed all lines at your request." (Doc. 1 at PageID 9). However, as noted above, plaintiff has been permitted to proceed with his Eighth Amendment failure to protect claim in case number 17-721.

Accordingly, in sum, the instant complaint should be dismissed with prejudice on the ground that plaintiff's allegations are duplicative of claims raised in Case No. 1:17-cv-721. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/1/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JASON L. STUBBS,
    Plaintiff,

vs

PAUL BRYANT, *et al.*,
    Defendants.

Case No. 1:17-cv-790

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).